# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE KWAN,<br><br>         Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., individually and as successor by merger to AMERICA'S SERVICING COMPANY, a National Association; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; CARRINGTON MORTGAGE SERVICES, LLC, a Delaware Limited Liability Company; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO; and DOES 1-100, inclusive,<br><br>         Defendants. | CASE NO. 12CV1793-GPC(MDD)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT**<br><br>[Dkt. Nos. 20, 21, 22.] |

On November 13, 2012, Defendants Carrington Mortgage Services, LLC ("Carrington") and Wells Fargo Bank, N.A., ("Wells Fargo") only in its capacity as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE1 Asset-Backed Pass-

Through Certificates (erroneously sued as "Wells Fargo Bank, NA, individually and as successor by merger to America's Servicing Company, a National Association") filed a motion to dismiss the first amended complaint. (Dkt. No. 20.) On November 16, 2012, Defendants Wells Fargo Bank, N.A. d/b/a/ America's Servicing Company in its capacity as servicer of the deed of trust recorded on October 25, 2005 as Instrument No. 20050922901 (erroneously sued as "Wells Fargo Bank, NA, individually and as successor by merger to America's Servicing Company, a National Association"); and Mortgage Electronic Registration Systems, Inc. ("MERS")[1] filed a motion to dismiss and a motion to strike portions of Plaintiff's first amended complaint. (Dkt. Nos. 21, 22.)

Plaintiff Willie Kwan[2] filed an opposition on November 26, 2012 as to Defendants Carrington and Wells Fargo, as Trustee's motion to dismiss. (Dkt. No. 24 at 2.) On December 3, 2012, Defendants Carrington and Wells Fargo only in its capacity as Trustee for Carrington Mortgage Loan Trust filed a reply. (Dkt. No. 25.) On December 10, 2012, Wells Fargo Bank, NA, d/b/a America's Servicing Company, and MERS also filed a reply. (Dkt. Nos. 27, 28.) On February 14, 2013, Defendant Atlantic and Pacific Foreclosure Services filed a joinder in Carrington and Wells Fargo, as Trustee's, motion to dismiss. (Dkt. No. 31.) After a review of the briefs, supporting documentation, and applicable law, the Court GRANTS Defendants' motion to dismiss.

**Background**

On October 29, 2012, Plaintiff Willie Kwan filed an amended complaint[3] against

---

[1] Wells Fargo Bank, N.A. d/b/a America's Servicing Company in its capacity as servicer of the deed of trust recorded on October 25, 2005 as Instrument No. 20050922901 and MERS are no longer parties to this case since the FAC seeks relief on a different deed of trust and property from the original complaint.

[2] In a footnote, Defendants argue, without legal authority, that Plaintiff's wife should be joined pursuant to Federal Rule of Civil Procedure 19(a)(1) and 19(a)(2) as a party to this case since she is a co-borrower. If Defendants seek to add Plaintiff's wife as a Plaintiff in this case, they must file an appropriate motion before the Court.

[3] The amended complaint seeks relief on a different deed of trust and property as alleged in the original complaint. (See Dkts. Nos. 1, 18.)

- 2 - [12cv1793-GPC(MDD)]

Defendants Carrington Mortgage Services, LLC; Wells Fargo Bank, N.A. only in its capacity as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE1 Asset-Backed Pass-Through Certificates; and Atlantic and Pacific Foreclosure Services, LLC. (Dkt. No. 18, FAC.) Plaintiff seeks to establish that Wells Fargo, as Trustee, is not the true creditor of his loan and has no legal, equitable or pecuniary right in the debt obligation secured by the real property located at 10456 Couser Way, Valley Center, CA 92082. Defendant Carrington Mortgage Services, Inc. is the master loan servicer for the trust and Defendant Atlantic and Pacific Foreclosure Services ("Atlantic") was hired by Carrington to foreclose on Plaintiff's property. (Dkt. No. 18, FAC ¶ 7.)

On March 10, 2006, Plaintiff and his wife Cynthia Rios-Kwan obtained a home loan in the amount of $740,000.00 from Freemont Investment and Loan Corporation secured by a Deed of Trust ("Deed of Trust") to the real property located at 10456 Couser Way, Valley Center, CA 92082. (Dkt. No. 23, Ds Carrington and Wells Fargo's Request for Judicial Notice ("RJN"), Ex. 1.) On March 17, 2006, a Deed of Trust was recorded reflecting Plaintiff's loan. (Id.) The original trustee was Fremont General Credit Corporation. (Id.)

On April 27, 2011, an Assignment of Deed of Trust was recorded reflecting that the beneficial interest in the Deed of Trust was assigned to Wells Fargo, as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE1 Asset-Backed Pass-Through Certificates. (Id., Ex. 2.) On the same day, a Substitution of Trustee was executed by Carrington Mortgage Services, LLC ("CMS") as servicer and attorney-in-fact for Wells Fargo designating Atlantic & Pacific Foreclosure Services, LLC as Trustee under the DOT. (Id., Ex. 3.) The Notice of Default reflects that as of April 26, 2011, Plaintiff was in default in the amount of $37,152.00. (Id., Ex. 4.) On July 28, 2011, a Notice of Trustee's Sale was recorded. (Id., Ex. 5.) On February 22, 2012, a Trustee's Deed Upon Sale was recorded reflecting that the Property sold to Wells Fargo, as Trustee, on February 16, 2012. (Id., Ex. 6.)

In the first amended complaint, Plaintiff asserts that the investment trust was

formed by a type of trust agreement known as a Pooling and Servicing Agreement ("PSA"). (Dkt. No. 18, FAC ¶ 25.) Plaintiff alleges that the PSA falls under New York trust law and under that law, an inter vivos gift requires delivery of the gift or a constructive or symbolic delivery sufficient to divest the donor of dominion and control over the property. (Id. ¶¶ 26, 27.) Plaintiff contends that under New York Law, there was never a valid delivery of Plaintiff's note to the Trust. (Id. ¶ 30.) Specifically, he contends that the Trust never acquired ownership of the mortgage loan because the parties failed to comply with the terms of the PSA and New York law requires a valid transfer of property to the Trust. (Id.) Also, the PSA requires a complete chain of endorsements to be in place by the Trust's closing or cut-off date or under no circumstances later than 90 days after the Trust's cut-off date. (Id. ¶ 33) Plaintiff believes that the Trust's purported acquisition of Plaintiff's loan was acquired more than 90 days after the cut-off date and there are no documents reflecting the transfer to the Trust. (Id.) Therefore, Plaintiff's note was never been securitized and there was never an effective conveyance of Plaintiff's note to the Trust, which has claimed ownership and foreclosed on the property (Id. ¶ 35.) "The parties involved in the securitization and transfer of Plaintiff's note and deed of trust failed to adhere to the PSA which requires that the note and deed be properly endorsed, transferred, accepted and deposited in the Trust on or before the "closing date." (Id. ¶ 37.) Therefore, the "sale" never took place and the Trust cannot claim any right, title, or interest in plaintiffs' property or deed of trust. (Id.)

Plaintiff alleges he was current on his payments up until about September 2010 when Carrington unilaterally increased the monthly payments from $4,200 to $4,500. (Id. ¶ 43.) He alleges that he does not have a copy of the modified loan agreement. (Id.)

Plaintiff alleges six causes of action for 1) declaratory relief; 2) negligence; 3) breach of contract; 4) violation of the Fair Debt Collection Practices Act; 5) wrongful foreclosure; and 6) quiet title.

**A.     Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a Court may consider exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint whose authenticity no party questions. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Lee v. City of Los Angeles, 250 F.3d 668, 688–689 (9th Cir. 2001); United States v. Ritchie, 342 F.3d 903, 908

(9th Cir. 2003) ("A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment.").

Defendants move to dismiss all causes of action in the first amended complaint. Plaintiff opposes.

**B.     Defendants' Request for Judicial Notice**

Defendants Carrington and Wells Fargo, as Trustee filed a request for judicial notice of documents recorded in the official records of the San Diego County Recorder's Office. (Dkt. No. 20-1, Exs. 1-6.) Plaintiff does not oppose the request. The Court finds that the documents are all part of the public record and may be judicially noticed. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006). Accordingly, the Court GRANTS Defendants' request for judicial notice.[4]

**C.     Declaratory Relief - First Cause of Action; Wrongful Foreclosure - Fifth Cause of Action; and Quiet Title - Sixth Cause of Action**

Plaintiff alleges three causes of action concerning the wrongful foreclosure of his property. He seeks declaratory relief asking the Court to declare the actual rights and obligations of the parties and to make a determination as to whether the trustee's sale of plaintiff's property is legally effective or void because it was initiated by a party without a security interest in the property. (Dkt. No. 18, FAC ¶¶ 45-48.) He also alleges wrongful foreclosure. (Id. ¶¶ 65-67.) Plaintiff further contends that Defendants did not have standing to foreclose and Plaintiff seeks to quiet title as of the date of the foreclosure sale by a judicial declaration that Defendants have no right in the property. (Id. ¶¶ 69-72.)

---

[4]Defendants Wells Fargo and MERS filed a request for judicial notice to support their motion to dismiss and motion to strike. (Dk.t No. 23.) Since they are not parties to the amended complaint, the Court DENIES Defendants Wells Fargo and MERS' request for judicial notice.

Defendants argue that Plaintiff lacks standing to challenge the validity of the securitization of the loan since he is not a party to the PSA. Plaintiff disagrees.

"Ninth Circuit district courts have come to different conclusions when analyzing plaintiff's right to challenge the securitization process." Johnson v. HSBC Bank USA, N.A., 11cv2091-JM(WVG), 2012 WL 928433, at *2 (S.D. Cal. Mar. 19, 2012) (citing Schafer v. CitiMortgage, Inc., No. CV 11-3919 ODW (FFMx), 2011 WL 2437267, at *4 (C.D. Cal. June 15, 2011) (denying defendants' motion to dismiss declaratory relief claim, which was based on alleged improper transfer due to alleged fraud in signing of documents)); Vogan v. Wells Fargo Bank, N.A., No. 2:11cv2098-JAM-KJN, 2011 WL 5826016, at *7 (E.D. Cal. Nov. 17, 2011) (allowing § 17200 claim when plaintiffs alleged that assignment was executed after the closing date of securities pool, "giving rise to a plausible inference that at least some part of the recorded assignment was fabricated"); but see Junger v. Bank of America, N.A., No. CV 11-10419 CAS(VBKx), 2012 WL 603262, at *3 (C.D. Cal. Feb.24, 2012) ("The Court finds that plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA.").

The majority of the district courts in the Ninth Circuit have held that "plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA." Baldoza v. Bank of America, N.A., No. C-12-5966 JCS, 2013 WL 978268, at *10 (N.D. Cal. Mar. 12, 2013); see also Mobine v. OneWest Bank, FSB, 11cv2550-IEG(BGS), 2012 WL 1520116, at *3 (S.D. Cal. Apr. 27, 2012) (dismissing unjust enrichment claim because plaintiff failed to show defendant lacked standing to collect payments on the loan as a result of the securitization process); Armstrong v. Chevy Chase Bank, FSB, 11cv5664 EJD, 2012 WL 4747165, at *2 (N.D. Cal. Oct. 3, 2012) ("Plaintiffs lack standing to allege a breach of the PSA" and citing numerous district court cases that have held the same); Bascos v. Federal Home Loan Mortgage Co., No. CV 11-3968-JFW(JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) (holding that borrower

did not have standing to challenge the validity of the securitization of the loan based upon it reassignment or sale); E.g. In re Correia, 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (holding that debtors lacked standing to challenge the mortgage's change of title under the PSA as they were not a party to the contract). The Court finds the majority approach persuasive.

Here, Plaintiff is challenging the securitization of the loan based on a breach of the PSA and has no standing to assert such a claim. Accordingly, the Court GRANTS Defendants' motion to dismiss the causes of action challenging the securitization of the loan with prejudice. See Armstrong, 2012 WL 4747165, at 3 (dismissing declaratory relief claim based on the claim that the mortgage was not properly assigned to the defendant before the required closing date as set forth in the PSA.)

Plaintiff also seeks to challenge Wells Fargo's authority to foreclose based on the fact that only a beneficiary or trustee under a DOT may initiate nonjudicial foreclosure pursuant to California Civil Code section 2924(a)(1) and therefore, only a beneficiary may appoint the trustee for the DOT. (Dkt. No. 18, FAC ¶ 20.) "Wells Fargo purported to appoint a trustee, but the appointment is invalid because Wells Fargo never qualified as a beneficiary." (Id.) Therefore, Plaintiff contends that Well Fargo did not have authority to foreclose on Plaintiff's property. (Id.)

California law applies to whether there was a valid transfer of the DOT and substitution of trustee. See Cal. Civil Code 2934a. It appears that Plaintiff conflates section 2924(a)(1) concerning who has authority to initiate nonjudicial foreclosure with who has authority to substitute a Trustee under a DOT.

Based on the recorded documents in Defendants' request for judicial notice, Plaintiff has not shown that the assignment of the deed of trust; substitution of trustee; and subsequent Notice of Default and Election to Sell under Deed of Trust; and Trustee's Deed Upon Sale are improper or invalid. (Dkt. No. 20, Ds' RJN, Exs. 1-6.) Contrary to Plaintiff's allegation, Atlantic & Pacific Foreclosure Services, as Trustee proceeded with the nonjudicial foreclosure, not Wells Fargo. While Carrington

Mortgage Services, the servicer and attorney-in-fact for Wells Fargo, substituted Fremont General Credit Corporation with Atlantic & Pacific, as Trustee, Plaintiff has not shown that a lender's attorney-in fact is not allowed to substitute a trustee. See Aceves v. U.S. Bank, N.A., 192 Cal. App. 4th 218, 231 (2011) (finding that a lender's use of its attorney in fact to sign a "Substitution of Trustee" was not an irregularity in the foreclosure process where the trust deed did not preclude an attorney in fact from signing a Substitution of Trustee). Accordingly, Plaintiff has not sufficiently alleged that the foreclosure was improper based on the Substitution of Trustee.

In addition, another court, based on different reasoning, also held that plaintiff may not challenge the foreclosure based on an invalid assignment under the PSA because Plaintiff has not been prejudiced. See Flemister v. Citibank, N.A., No. CV 12–5368 CAS (JCGx), 2012 WL 6675273, at * 2-3 (C.D. Cal. Dec. 20, 2012).[5] The plaintiffs in Flemister argued that the assignment assigning plaintiffs' deed of trust and note to Citibank as "trustee for the benefit of the certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-QH2" did not comply with the terms of the PSA that governed the securitization of plaintiffs' mortgage. Id. at 2. They also argued that the assignment was invalid under New York trust law since the assignment was executed four years after the closing of the trust. Id. The court, following the court of appeals case of Fontenot v. Wells Fargo Bank, 298 Cal. App. 4th 256, 272 (2011), dismissed plaintiffs' claims challenging the foreclosure sale because plaintiffs had not

---

[5]In Fontenot, the plaintiff challenged a nonjudicial foreclosure sale on the grounds that a defendant "lacked authority to foreclose, never having received a proper assignment of the debt." Fontenot v. Wells Fargo Bank, 198 Cal. App. 4th 256, 271 (2011). The court rejected this argument pursuant to the principle that "a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests." Id. at 272. In particular, the court explained that the "assignment merely substituted one creditor for another, without changing her obligations under the note," and pointed out that plaintiff failed to allege how "the transfer to [the defendant] interfered in any manner with her payment of the note." Id. Additionally, the court observed that if there were any irregularities in the assignment of the debt, "the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note." Id. at 272.

set out a plausible theory explaining how the alleged violations of the PSA or New York trust law were prejudicial to their interest. The court explained "[p]laintiffs do not, for example, allege that the default and foreclosure sale occurred only because they made timely payments to the assignor of the debt as opposed to the assignee, or that the violations of New York trust law somehow kept timely payments from being properly credited to their account. Without tethering the alleged violations of the PSA and New York trust law to their interests, plaintiffs are attempting to challenge their foreclosure based solely on irregularities that do not actually affect them, and California law therefore bars their claims." Id. at 3.

In this case, Plaintiff concedes that he was in default but does not explain that the transfer to Wells Fargo interfered with his ability to pay on the note.[6] Therefore, the Court GRANTS Defendants' motion to dismiss the causes of action for declaratory relief, wrongful foreclosure, and quiet title which all challenge the validity of the deed of trust and note with prejudice.

**D.      Negligence - Second Cause of Action**

In the amended complaint, Plaintiff alleges that the Bank owed a duty of care to Plaintiff and the public in general to refrain from foreclosing on property when it is not the owner of a security interest. (Dkt. No. 18, FAC ¶ 51.) He also contends that the Bank breached its duty to plaintiff "by not properly crediting the plaintiff's account or distributing the plaintiff's payments appropriately and by applying to plaintiff's account charges in an authorized manner not authorized by the loan documents and in a way that made a default more likely." (Id. ¶ 52.) Plaintiff further alleges that, in May 2008, Carrington negotiated a loan modification with him. (Id. ¶ 45.) In 2010, Wells Fargo and Carrington negligently interpreted the modification agreement made in 2008 so as to increase the monthly payment by $300 per month when the terms of the agreement did not provide such increase. (Id. ¶ 53.) He alleges that they tricked

---

[6]Plaintiff asserts that he defaulted when Carrington increased his payments by $300, not because of any allegedly invalid transfer or assignment of the note or DOT to the Trust.

plaintiff into a modification agreement knowing that the property would be sold in foreclosure and pulling the plug on the agreement after plaintiff paid almost $100,000. (Id.) Plaintiff claims he suffered damages to include the defective chain of title rendered the property unmarketable and suffered general and special damages, and emotional distress. (Id. ¶ 54.)

Defendants argue that there is no duty of care owed to Plaintiff because a lender-borrower relationship does not give rise to a special or fiduciary relationship. Plaintiff maintains that Defendants owed her a duty of care because of their unconventional relationship.

Under California law, the elements of a claim for negligence are that: (1) defendant had a legal duty to plaintiff, (2) defendant breached this duty, (3) defendant was the proximate and legal cause of plaintiff's injury, and (4) plaintiff suffered damage. Cal. Civ. Code § 1714; Merrill v. Navegar, Inc., 26 Cal.4th 465, 500 (2001). As a general rule, under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095–96 (1991). However, "liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." Id. at 1096.

Here, Plaintiff contends that Wells Fargo's status as a trustee creates an unconventional relationship with Plaintiff. He contends that Well Fargo is not receiving the benefits of Plaintiffs' note and mortgage but holding it for the benefit of the certificate holders. Plaintiff does not provide any legal support that Wells Fargo's status as a trustee creates a unconventional relationship. Besides arguing that Wells Fargo owed a duty of care to Plaintiff, he does not address whether Carrington, as loan servicer, and whether Atlantic, as the company that foreclosed on the property, owed a duty of care to Plaintiff.

Moreover, even if there was a duty of care, Plaintiff has not alleged how Wells

Fargo, Atlantic, and Carrington violated any duty of care. Plaintiff's sole allegation as to a breach of a duty of care on the loan is that "Select breached its duty to plaintiff by not properly crediting the plaintiff's account or distributing the plaintiff's payments appropriately and by applying to plaintiff's account charges in an unauthorized manner not authorized by the loan documents and in a way that made a default more likely." (Dkt. No. 18, FAC ¶ 52.) First, Plaintiff improperly named a Defendant "Select" not named in the FAC and the Court cannot determine which Defendant allegedly breached its duty to Plaintiff. Moreover, these allegations of a breach of a duty are conclusory without any supporting facts to support the claim. See Flemister, 2012 WL 6675273 at *5 (similar allegation in plaintiff's complaint was dismissed as being conclusory).

As to the loan modification, Plaintiff alleges that Defendants Well Fargo and Carrington "tricked" plaintiff "into a modification agreement and then pulled the plug on the agreement after plaintiff paid almost $100,000." (Dkt. No. 18, FAC ¶ 53.) Plaintiff's allegations sound in fraud or misrepresentation and is subject to Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). Rule 9(b) requires that a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff alleging fraud at a minimum must plead the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" Swartz v. KPMG, LLP, 476 F.3d at 756 765 (9th Cir 2007) (quoting Moore v. Kayport Package Express, 885 F.2d 531, 541 (9th Cir. 1989)).

In this case, Plaintiff has failed to plead the time, place and specific contents as to each defendant. Accordingly, the amended complaint fails to satisfy the Rule 9(b) pleading standard as to negligence.

While the amended complaint alleges negligence as to the loan modification,

1 Plaintiff does not present any arguments to support his claim. In his opposition, he
2 cites to <u>Ansanelli v. J.P. Morgan Chase Bank. N.A.</u>, No. C 10-3892 WHA, 2011 WL
3 1134451, at *7 (N.D. Cal. Mar. 28, 2011) (court found duty of care where complaint
4 alleged that defendant went beyond its role as a silent lender and loan servicer to offer
5 an opportunity to plaintiffs for loan modification and to engage with them concerning
6 the trial period plan) without arguing how this case applies to Defendants.

Plaintiff has not sufficiently alleged a cause of action for negligence. Accordingly, the Court GRANTS Defendants' motion to dismiss the negligence claim without prejudice.

**E.     Breach of Contract - Third Cause of Action**

As to the third cause of action for breach of contract, Plaintiff does not oppose the motion to dismiss. Accordingly, the Court GRANTS Defendants' motion to dismiss breach of contract claim without prejudice.

**F.     FDCPA - Fourth Cause of Action**

Plaintiff also does not oppose the fourth cause of action for a violation of the FDCPA. Accordingly, the Court GRANTS Defendants' motion to dismiss without prejudice.[7]

**G      Defendants' Motion to Strike**

Defendants Wells Fargo and MERS filed a motion to strike. (Dkt. No. 22.) Because the Court GRANTS their motion to dismiss and because these Defendants are no longer parties in the first amended complaint, the Court DENIES Defendants Wells Fargo and MERS' motion to strike as moot.

**Conclusion**

Based on the above, the Court GRANTS Defendants' motion to dismiss the causes of action for declaratory relief, wrongful foreclosure and quiet title in the first

---

[7] In his opposition, Plaintiff alleges that the complaint states a claim for a violation of 15 U.S.C. § 1641(g) of the Truth in Lending Act. The FAC does not allege a cause of action under 15 U.S.C. § 1641(g). It appears this section may have been a boilerplate argument in another case handled by Plaintiff's counsel.

amended complaint with prejudice and GRANTS Defendants' motion to dismiss the remaining causes of action without prejudice. The Court also DENIES Defendants' motion to strike as MOOT. Plaintiff is granted leave to file a second amended complaint within **20 days** of the day the order is filed.

    IT IS SO ORDERED.

DATED: July 23, 2013

                          HON. GONZALO P. CURIEL
                          United States District Judge