1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280 -
   Todd E. Chvat, Esq., SBN 238282
3  rfinlay@wrightlegal.net; tchvat@wrightlegal.net
4  4665 MacArthur Court, Suite 280
   Newport Beach, CA  92660
5  Tel: (949) 477-5050; Fax: (949) 477-9200
6
7  Attorneys for Defendants CARRINGTON MORTGAGE SERVICES, LLC,
   WELLS FARGO BANK, N.A., as Trustee for Carrington Mortgage Loan Trust,
8  Series 2006-FRE1 Asset-Backed Pass-Through Certificates (erroneously sued as
   "WELLS FARGO BANK, NA") and ATLANTIC AND PACIFIC
9  FORECLOSURE SERVICES, LLC
10

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE KWAN, an individual, | ) Case No.: 12-cv-01793-GPC (MDD) |
| | ) |
| Plaintiff, | ) **DEFENDANTS' REPLY BRIEF** |
| | ) **IN SUPPORT OF MOTION TO** |
| vs. | ) **DISMISS PLAINTIFF'S SECOND** |
| | ) **AMENDED COMPLAINT FOR** |
| WELLS FARGO BANK, NA, individually | ) **FAILURE TO STATE A CLAIM** |
| and as successor by merger to | ) **UPON WHICH RELIEF CAN BE** |
| AMERICA'S SERVICING COMPANY, a | ) **GRANTED** |
| National Association; CARRINGTON | ) |
| MORTGAGE SERVICES, LLC, a | ) |
| Delaware Limited Liability Company; | ) **[FRCP Rule 12(b)(6)]** |
| ATLANTIC AND PACIFIC | ) |
| FORECLOSURE SERVICES, LLC, a | ) Date: February 14, 2014 |
| Delaware Limited Liability Company; | ) Time: 1:30 p.m. |
| ALL PERSONS UNKNOWN | ) Courtroom: 2D – Second Floor |
| CLAIMING ANY LEGAL OR | ) |
| EQUITABLE RIGHT, TITLE, ESTATE | ) |
| LIEN OR INTEREST IN THE | ) |
| PROPERTY DESCRIBED IN THE | ) |
| COMPLAINT ADVERSE TO | ) |
| PLAINTIFF'S TITLE THERETO; and | ) |
| DOES 1 - 100, inclusive, | ) |
| Defendants. | ) |

-1-

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# I. ARGUMENT

As demonstrated in the moving papers, Plaintiff's Second Amended Complaint ("SAC") (*filed just <u>one day</u> before the Court's OSC re: Dismissal of the case for failure to amend*) was filed in a blatant attempt to interfere with a valid foreclosure sale. Along these lines, Plaintiff's Opposition is equally ineffective and does nothing more than cite to California case law pertaining to negligence and contractual breach claims. Thereafter, with little to no explanation or factual support, Plaintiff concludes that viable causes of action have been pled. [*See* Opposition, generally]. Additionally, Plaintiff's Opposition fails to address the fact that his "amended" pleading relies on **the same exact allegations** as did its predecessor; allegations which were already dismissed by this Court in their entirety. [FAC, ¶¶ 45, 50-54 vs. SAC, ¶¶ 17-19, 51, 55-57; *See* Dkt. No. 34]. No additional facts or substance has been pled by Plaintiff which would or could warrant a different result now.

As a result, the SAC should be dismissed in its entirety. Because Plaintiff was already given the opportunity to amend his pleading to add supporting facts, and utterly failed to do so, said dismissal should be granted <u>without</u> further leave to amend to avoid any further waste of judicial and client resources.

1. **Plaintiff's Argument in Support of His Negligence Cause of Action is Unpersuasive.**

Plaintiff's first cause of action for negligence is predicated on the allegation that "[i]n about May 2008, Carrington, as servicer on Plaintiff's loan and agent of Wells Fargo, negotiated a loan modification with Plaintiff" but unilaterally increased the monthly payments from $4,200 to $4,500 in September 2010 which "violated the terms of the modification agreement." [SAC, ¶¶ 17-19, 51, 55-57]. To this end, Plaintiff generally alleges that a legal duty of care was owed to him and "Wells Fargo breached its duty of care...when it let Carrington to [sic]

-2-

negligently handle Plaintiff's loan as to increase the monthly payment by $300." [SAC, ¶¶ 51, 19 (on page 6)[1]].

In support of his claim Plaintiff's Opposition cites to <u>Garcia v. Ocwen Loan Servicing, LLC</u>, 2010 WL 1881098 (N.D. Cal. 2010), <u>Susilo v. Wells Fargo Bank, N.A.</u>, 796 F.Supp.2d 1177 at 1187-88 (C.D. Cal. 2011), and <u>Gardner v. American Home Mortgage Services, Inc.</u>, 691 F.Supp.2d 1192, 1199 (E.D. Cal. 2010), for the proposition that a lender or servicer exceeds its conventional role by engaging in loan modification negotiations. [Opposition, pg. 6-7]. However, <u>Garcia</u>, <u>Susilo</u>, and <u>Gardner</u> are factually distinguishable and have absolutely no application to the present allegations set forth in the SAC.  Furthermore, as detailed at length in the moving papers, the overwhelming majority of California courts have held that loan modification negotiations and related interactions **do not** exceed the traditional role and are "intimately tied to [Defendant's] lending role." <u>Johnston v. Ally Fin. Inc.</u>, 2011 WL 3241850 at *4 (S.D. Cal. July 29, 2011); *see* Motion to Dismiss (collecting cases in footnote 4).

This issue was recently discussed in <u>Ragland v. U.S. Bank NA</u> (September 11, 2012) 209 Cal.App.4th 182, 207-208 wherein the Court of Appeal held that such communications were "directly related to the issue of loan modification and therefore fell within the scope of [Defendants] conventional role as a lender of money."   The appellate court when on to state that "there was no relationship between Ragland and Downey Savings giving rise to a duty the breach of which would permit Ragland to recover...based on negligence." <u>Id</u>.   And of equal consideration is the fact that the opinions expressed in <u>Garcia</u>, <u>Susilo</u>, and <u>Gardner</u> are not followed within their own districts. *See* <u>Rockridge Trust v. Wells Fargo, N.A.</u>, 2013 WL 5428722 at *35-36 (N.D. Cal. September 25, 2013); *see also* Motion to Dismiss (collecting cases in footnote 4).   Further, in <u>Armstrong v.</u>

---

[1] The SAC jumps from ¶¶ 19 to 49 through 53, then back to 19 to 20, then to 54 through 57.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Chevy Chase Bank, FSB, 2012 WL 4747165 (N.D. Cal. 2012), the Northern District recently held:

> The problem with this argument is that a loan modification, which at its core is an attempt by a money lender to salvage a troubled loan, is nothing more than a renegotiation of loan terms. This renegotiation is the same activity that occurred when the loan was first originated; the only difference being that the loan is already in existence. Outside of actually lending money, it is undebatable that negotiating the terms of the lending relationship is one of the key functions of a money lender. For this reason, "[n]umerous cases have characterized a loan modification as a traditional money lending activity." [internal citations omitted]. The minority of cases which hold otherwise, such as *Ansanelli v. JP Morgan Chase Bank, N.A.*, 2011 WL 1134451 (N.D. Cal. 2011), are unpersuasive.

Armstrong, 2012 WL 4747165 at *4 (N.D. Cal. 2012).

Thus, although "[s]ome courts have found that a lender undertakes a duty of care when it offers a loan modification…, the more persuasive reasoning, however, is that, even where a lender offers a loan modification, that is nothing more than a renegotiation of loan terms. This renegotiation is the same activity that occurred when the loan was first originated; the only difference being that the loan is already in existence." Morgan v. U.S. Bank Nat. Ass'n, 2013 WL 684932 at *3 (N.D. Cal. 2013).

Here, Plaintiff simply asserts without any factual support that Defendants breached their duty of care by "negligently increasing amount of Plaintiff's monthly mortgage payment." [SAC, ¶ 19 (on page 6)]. In doing so, Plaintiff fails to allege any facts to establish that Defendants exceeded the scope of their conventional roles. Neither the SAC nor the Opposition identifies any actions on Defendants' part which would or could suggest the existence of a special relationship necessary to impose a legal duty of care. As with his FAC, Plaintiff fails to substantiate a special lending or other relationship between the parties to substantiate a negligence claim against Defendants. It is well settled that the

-4-

mere recital of negligence, without identifying a defendant's negligent act, is insufficient to plead a cause of action of negligence. <u>Manwell v. Durst Bros.</u>, 178 Cal. 752, 753 (1918). Plaintiff's allegations are conclusory in nature and unsupported by any facts or substance.

More importantly, Plaintiff effectively admits in his Opposition that no negligent conduct occurred. Rather, Plaintiff alleges that Defendants "mishandl[ed] the loan modification request..." [Opposition, pg. 6, ln. 27]. <u>A purported mishandling of a modification request does not equate to unlawful negligence</u>. Most egregious though, Plaintiff's Opposition states "Plaintiff lost an opportunity to obtain a loan modification when [his] request for a loan modification was treated as a request for a short sale." [Opposition, pg. 6, ln. 25-26]. No such allegations appear in the SAC. To the contrary, these allegations directly conflict with what is actually pled in the SAC, *i.e.*, that Plaintiff's loan was modified in 2008 and his monthly payment was unilaterally increased by $300 in 2010. [SAC, ¶¶ 17-19, 51, 55-57].

Finally, **the Court has already dismissed this negligence claim based on these same exact allegations**. Plaintiff's allegations are virtually identical to those contained in the FAC. [FAC, ¶¶ 45, 50-54 vs. SAC, ¶¶ 17-19, 51, 55-57]. These unsupported allegations have already been deemed defective. According to the Court, "[w]hile the amended complaint alleges negligence as to the loan modification, ... Plaintiff has not sufficiently alleged a cause of action for negligence." [*See* Dkt. No. 34, pg. 13]. Plaintiff's failure to allege any additional facts or support for his claim, despite being given the express opportunity to do so, effectively concedes that no such additional facts or support exist. Plaintiff's regurgitation of the same allegations previously dismissed is improper and indicative of this actions true lack of merit.

As a result, Plaintiff's negligence claim fails and the SAC's first cause of action should be dismissed <u>without</u> further leave to amend.

-5-

**2.    Plaintiff's Argument in Support of His Breach of Contract Cause of Action is Unavailing.**

Plaintiff's second and final cause of action contends that "[i]n about May 2008, Carrington negotiated a loan modification with Plaintiff" but "unilaterally increased his payment" by $300.00 in September 2010. [SAC, ¶¶ 55-57]. Plaintiff thus asserts a claim for breach of contract arising from this purported modification. In support of his claim Plaintiff's Opposition cites to unrelated cases regarding HAMP trial plans which have no application to the present matter. [Opposition, pg. 9, ln. 3-18]. Thereafter, Plaintiff simply reasserts the same allegations set forth in the SAC to conclude that a cause of action for breach of contract has been sufficiently pled. [Opposition, pg. 9-10]. In doing so, Plaintiff fails to address **any** of the arguments raised by Defendants in their moving papers.

Specifically, Plaintiff does not refute Defendants' substantive arguments that the SAC lacks facts establishing the existence of a written modification agreement, Defendants' breach thereof, Plaintiff's complete performance, or any resulting damages emanating from the alleged breach of the modification agreement. [*See* Motion to Dismiss, pg. 9-11]. Most important, the Opposition does not remotely address the SAC's glaring inconsistencies. As discussed in the moving papers, Plaintiff's allegations concerning a loan modification should be barred as they are completely contradictory to his **verified** "facts" alleged in the FAC. [*See* Motion to Dismiss, pg. 10-11]. Accordingly, Plaintiff's silence is an admission that his breach of contract claim is defective and warrants dismissal. Garcia v. IndyMac Bank, F.S.B., 2012 WL 1745782 at *1 (C.D. Cal. 2012) ("[b]ecause Plaintiff failed to address Defendants' substantive arguments, the Court **GRANTS** Defendants' Motion as unopposed.").

Additionally, Plaintiff fails to refute that the terms of the purported written modification are neither set forth verbatim in the SAC nor is a copy attached thereto as required. Plaintiff's SAC does not plead any facts regarding essential terms of the alleged modification, many of which would explain a fluctuation in

-6-

the monthly payment [*i.e.*, (1) was the modification for a fixed or adjustable rate? (2) were escrow fees for taxes and insurance impounded into the monthly payment, or if not, did Plaintiff default on his escrow payment such that Defendants had to force place escrow fees? (3) did the modification have an interest only option and/or negative amortization feature?]. Without such facts, Plaintiff cannot reasonably plead the existence of an enforceable modification agreement.  This deficiency is especially important here given that an agreement to modify a note secured by a deed of trust must be made in writing and must be signed by the party to be charged. Secrest v. Security National Mortg. Loan Trust 2002-2, 167 Cal. App. 4th 544, 552-553 (2008).   At a minimum, Plaintiff has failed to establish the existence of a written modification agreement and therefore his breach of contract claim is barred by the Statute of Frauds.

Finally, similar to his negligence claim, Plaintiff's cause of action for breach of contract was also dismissed by the Court based on these same allegations. [*See* Dkt. No. 34; FAC, ¶¶ 45, 50-54 vs. SAC, ¶¶ 17-19, 51, 55-57]. Plaintiff has added absolutely no additional facts or substance to the allegations of the SAC which would justify a different outcome now.  Standing alone, without any supporting facts, Plaintiff's bare allegation that his loan was modified in 2008 and his monthly payment "unilaterally increased" by $300.00 in September 2010 is insufficient to set forth a viable claim for contractual breach. [SAC, ¶¶ 55-57]; Otworth v. Southern Pacific Transportation Co., 166 Cal.App.3d 452, 459 (1985); Secrest v. Security National Mortg. Loan Trust 2002-2, 167 Cal. App. 4th 544, 552-553 (2008).  Moreover, given Plaintiff's blatant contradictions between his allegations in the SAC and his **verified** allegations in the FAC, it cannot reasonably be inferred "that Defendants have engaged in misconduct for which it may be liable" as Plaintiff suggests. [Opposition, pg. 10, ln. 13-14].

Therefore, Plaintiff's breach of contract claim fails and the SAC's second cause of action should be dismissed without further leave to amend.

-7-

## II.   CONCLUSION

Plaintiff's SAC is fatally deficient and permitting him to amend would serve no useful purpose given the fact that the allegations, under the circumstances, cannot give rise to any viable causes of action. A trial court does not abuse its discretion by granting a motion to dismiss without leave to amend if it appears from the complaint that under applicable substantive law there is no reasonable possibility that an amendment could cure the complaint's defect. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996). Further, "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." The City of Los Angeles v. San Pedro Boat Works, 635 F.3d 440, 454 (9th Cir. 2011).

Predicated on the foregoing, Defendants respectfully request that the Honorable Court grant their Motion to Dismiss the SAC, in its entirety, with prejudice.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated:  December 20, 2013        By:   /Todd E. Chvat /
                                 T. Robert Finlay, Esq.,
                                 Todd E. Chvat, Esq.,
                                 Attorneys for Defendants
                                 CARRINGTON MORTGAGE SERVICES,
                                 LLC, WELLS FARGO BANK, N.A., as
                                 Trustee for Carrington Mortgage Loan
                                 Trust, Series 2006-FRE1 Asset-Backed
                                 Pass-Through Certificates (erroneously sued
                                 as "WELLS FARGO BANK, NA") and
                                 ATLANTIC AND PACIFIC
                                 FORECLOSURE SERVICES, LLC

-8-

# PROOF OF SERVICE

I, Margaret Augustyniak, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On December 20, 2013, I served the within **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** on all interested parties in this action as follows:

[ ]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Jeremy J. Alberts
Attorney
Law Office of Jeremy J. Alberts
125 W. Amerige Avenue
Fullerton, CA 92832
(741) 441-1144
Attorney for Willie Kwan, Plaintiff

[ ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ]   (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I

1

caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[X]   (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 20, 2013, at Newport Beach, California.

Margaret Augustyniak

**PROOF OF SERVICE**