1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10   WILLIE KWAN,                        CASE NO. 12CV1793-GPC(MDD)

11                          Plaintiff,   **ORDER *SUA SPONTE***
                                         **DISMISSING SECOND AMENDED**
12        vs.                            **COMPLAINT FOR LACK OF**
                                         **SUBJECT MATTER**
13   WELLS FARGO BANK, N.A.,             **JURISDICTION**
     individually and as successor by
14   merger to AMERICA'S SERVICING
     COMPANY, a National Association;
15   MORTGAGE ELECTRONIC
     REGISTRATION SYSTEMS, INC., a
16   Delaware Corporation;
     CARRINGTON MORTGAGE
17   SERVICES, LLC, a Delaware Limited
     Liability Company; ALL PERSONS
18   UNKNOWN CLAIMING ANY
     LEGAL OR EQUITABLE RIGHT,
19   TITLE, ESTATE LIEN OR
     INTEREST IN THE PROPERTY
20   DESCRIBED INT EH COMPLAINT
     ADVERSE TO PLAINTIFF'S TITLE
21   THERETO; and DOES 1-100,
     inclusive,
22
                          Defendants.
23

24        On July 20, 2012, Plaintiff filed a complaint alleging thirteen causes of actions

25   under federal and state law concerning the validity of his mortgage loan.  (Dkt. No. 1.)

26   On October 22, 2012, District Judge Gonzalez denied as moot Defendants' motion to

27   dismiss and motion to strike and granted Plaintiff's motion for leave to file an amended

28   complaint.  (Dkt. No. 17.)   On October 29, 2012, Plaintiff filed a first amended

complaint alleging six causes of action under federal and state law. (Dkt. No. 18.)  On December 6, 2012, the case was transferred to the undersigned judge. (Dkt. No. 26.) On July 23, 2013, the Court granted Defendants' motion to dismiss and denied as moot Defendants' motion to strike and granted Plaintiff leave to file a second amended complaint. (Dkt. No. 34.)  On September 27, 2013 the Court held an order to show cause hearing for Plaintiff's failure to file a second amended complaint. (Dkt. No. 41.) At the order to show cause hearing, both counsel appeared and the Court accepted the proposed second amended complaint by Plaintiff. (Id.)  On September 26, 2013, the second amended complaint ("SAC") was filed. (Dkt. No. 40.)  The SAC alleges two causes of action for negligence and breach of contract. (Id.)  On October 25, 2013, Defendants filed a motion to dismiss the SAC based on the two state causes of action. (Dkt. No. 42.)  An opposition and reply were filed. (Dkt. Nos. 44, 45.)

## Discussion

The federal court is one of limited jurisdiction and the burden rests on the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  It possesses only that power authorized by the Constitution or a statute. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–94 (1998); see Nevada v. Bank of America Corp., 672 F.3d 661, 673 (9th Cir. 2012) (it is well established that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.") Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two bases for federal subject matter jurisdiction: (1) federal question

[12cv1793-GPC(MDD)]

jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . . and is between --citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(1)-(2).

The SAC alleges jurisdiction is invoked under federal question pursuant to 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), 2201 (declaratory judgment), 2202 (declaratory judgment), 15 U.S.C. § 1692 (Fair Debt Collection Practices Act), and 42 U.S.C. § 1983 (civil rights). (Dkt. No. 40, SAC ¶¶ 3, 5.) The SAC does not assert any cause of action under a federal statute. The second amended complaint alleges only two state law causes of action for negligence and breach of contract. Moreover, plaintiff has not demonstrated or alleged diversity jurisdiction. Accordingly, the Court concludes that it does not have subject matter jurisdiction over the SAC.

### Conclusion

Based on the above, the Court DISMISSES without prejudice the second amended complaint for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED: January 17, 2014

HON. GONZALO P. CURIEL
United States District Judge

[12cv1793-GPC(MDD)]